UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TJ THEISEN and THE THEISEN GROUP,
LLC, a Michigan Limited Liability Company,

       Plaintiffs,

                                       Civil Case No. 18-11198
                                       Honorable Linda V. Parker

v.

INVENTIVE CONSULTING, LLC, a
Michigan Limited Liability Company, d/b/a
INVENTIVE ENGINEERING, MOHAMAD
ZEIDAN, and SLOBODAN PAVLOVIC,

       Defendants.
_____/

## OPINION AND ORDER GRANTING, IN PART, PLAINTIFFS' MOTION FOR REMAND AND FOR COST AND FEES PURSUANT TO 28 U.S.C. § 1447(C)

       This lawsuit arises from a breach of two oral contracts in which Defendants Inventive Consulting, LLC d/b/a Inventive Engineering ("IE"), Mohamad Zeidan and Slobodan Pavlovic (collectively "Defendants") orally agreed to enter into written contracts to assign its patent rights. In a Complaint originally filed in the Circuit Court for the County of Oakland on April 12, 2018, Plaintiffs TJ Theisen and the Theisen Group, LLC (collectively "Plaintiffs") allege various state law claims against Defendants related to a business dispute. Specifically, Plaintiffs claim: breach of two oral contracts, promissory estoppel, unjust enrichment,

fraudulent misrepresentation/bad faith, misappropriation of trade secrets, and breach of fiduciary duty—joint venture.

On April 16, 2018, Defendants removed Plaintiffs' Complaint to federal court on the basis of a federal question with respect to the oral breach of contract claims against it, 28 U.S.C. § 1331. Defendants assert that Plaintiffs' Complaint concerns the "validity of an alleged verbal contract assigning an interest in the HP/HV Patent," which implicates 28 U.S.C. § 1338(a)[1] and 35 U.S.C. § 261[2]. (*See* ECF No. 6 at Pg ID 281.)

Plaintiffs' Complaint, on its face, alleges claims arising only under state law. Under the "well-pleaded complaint" rule, then, this case could not have been removed from state to federal court as involving claims "arising under" federal law, *see* 28 U.S.C. § 1331, 1441(a), because federal question jurisdiction ordinarily "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."

---

[1] "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."
[2] "Applications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing."

*Id*. (footnote omitted). Moreover, as it relates to patents, "whether a claim 'arises under' patent law must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Christianson v. Colt Indus. Operating Corp*., 486 U.S. 800, 809 (1988).

Nevertheless, there is "'an independent corollary' to the well-pleaded complaint rule, known as the 'complete pre-emption' doctrine." *Caterpillar, Inc*, 482 U.S. at 393 (internal citation omitted). As the Supreme Court explained, this doctrine applies where "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id*. (internal quotation marks and citation omitted).

Defendants attempt to characterize Plaintiffs' Complaint as one that "concerns the validity of an alleged verbal contract assigning an interest in the PH/HV Patent" is unconvincing. Plaintiffs argue that they do not claim any interest in the patent, and, therefore, § 261 is not implicated. Plaintiff maintains, and the Court agrees, that the issue is whether Defendants breached an oral agreement to enter into an agreement, which involves a patent. Defendants' argument that any such agreement is invalid is a defense to Plaintiffs' claims, and

an improper ground for federal jurisdiction. *See Christianson*, 486 U.S. at 809 ("[A] case raising a federal patent-law defense does not, for that reason alone, 'arise under' patent law, 'even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.'").

Further, the Sixth Circuit has instructed "where an action is brought to enforce, set aside, or annul a contract, the action arises out of the contract, and not under the patent laws, even though the contract concerns a patent right." *Combs v. Plough, Inc.*, 681 F.2d 469, 470 (6th Cir. 1982); *see also Boggild v. Kenner Products, Div. of CPG Prods. Corp.*, 853 F.2d 465, 468 (6th Cir. 1988). Specifically in *Combs*, the Sixth Circuit relied on the analysis in *Lion Mfg. Co. v. Chicago Flexible Shaft Co.*, 106 F.2d 930, 932 (7th Cir. 1939):

> the complaint prayed that the court require the defendant to assign title to the patent to plaintiff and account for the damages and lost profits caused by the alleged infringement. The court held:
>
>> That the primary and controlling purpose of the bill was to compel an assignment of the legal title to the patent, by the defendants to the plaintiff, seems so certain as not to admit of serious dispute. The other relief sought was dependent thereon. The injunctive process of the court could not be invoked nor the claim of infringement maintained until and unless the plaintiff was entitled to and acquired legal title. This being the situation, we think it plain, under the authority of *Luckett v. Delpark*, 270 U.S. 496 (46 S. Ct. 397, 70 L. Ed. 703), that the bill of complaint failed to state a cause of action arising under

4

the patent laws, and that the district court was without jurisdiction.

*Combs*, 681 F.2d at 471. Whether Defendants breached an oral agreement to enter into an agreement to assign their patent interest is not a matter that arises under patent law. *See, e.g. Pandey v. Sharma*, No. 1:07-cv-64, 2008 U.S. Dist. LEXIS 111436, at * 14 (S.D. Ohio Aug. 1, 2008) ("It is well settled that an action based on a contract, which involves underlying patent rights, does not arise under the patent law.").

Finally, the Court declines Plaintiffs' request for an award of costs and fees as the Court finds Defendants' basis for removal was objectively reasonable. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."); *see also Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion to remand (ECF No. 4) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the Defendants' motion to dismiss (ECF No. 5) is **DENIED AS MOOT;** and

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint shall be

**REMANDED** to the Circuit Court for the County of Oakland.

                                                    s/ Linda V. Parker
                                                    LINDA V. PARKER
                                                    U.S. DISTRICT JUDGE

Dated: May 30, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 30, 2018, by electronic and/or U.S. First Class mail.

                                                      s/ R. Loury
                                                    Case Manager